IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

JAMES C. BROWN,                                )
                                               )
            Plaintiff,                         )
                                               )
      v.                                       )          CV 326-007
                                               )
SUPERIOR COURT OF JOHNSON                      )
COUNTY and JUDGE DONALD GILLIS,                )
                                               )
            Defendants.                        )

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Plaintiff, currently incarcerated at Johnson State Prison in Wrightsville, Georgia, filed this case pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and *in forma pauperis* ("IFP"). Because he is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.    SCREENING THE AMENDED COMPLAINT

### A.    BACKGROUND

Plaintiff's amended complaint names as Defendants: (1) Johnson County Superior Court and (2) Judge Donald Gillis. (Doc. no. 6, pp. 1, 5, 6.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On September 24, 2025, Judge Gillis conducted a hearing concerning Plaintiff's state habeas corpus case, after continuing the original hearing date of June 20, 2025. (Id. at 7.) Judge Gillis stated he would render a decision within thirty days of the hearing but has not done so. (Id. at 7-8.) The delay is prejudicial because Plaintiff remains incarcerated, he is

seventy-seven years old, he suffers from prostate cancer with a three-year life expectancy, and he is part of the chronic care medical program at Johnson State Prison. (Id. at 8-9.) Because he has a medical hold, Plaintiff cannot participate in any programs or classes to ease the transition out of prison. (Id. at 9.) Plaintiff also experiences mental and emotional harm from a "hostile [e]nvironment" due to his status as a convicted child molester. (Id. at 10.) For relief, Plaintiff seeks $100,000 in monetary damages. (Id.)

B.      DISCUSSION

1.      Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not

2

require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*); Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*).  However, this liberal construction does not mean that the Court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2.    Plaintiff Fails to State a Claim Against Defendant Johnson County Superior Court

Plaintiff purports to sue Johnson County Superior Court.  (Doc. no. 6, p. 1.)  However, a state superior court is not a legal entity that can be sued because it is not a "person" subject to suit under 42 U.S.C. § 1983.  See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Mumford v. Zieba, 4 F.3d 429, 435 (6th Cir. 1993) (holding state court is not person under § 1983); Williams v. Ocmulgee Judicial Circuit, No. 5:15-CV-00139, 2015 WL 6755292 (M.D. Ga. 2015) (same); Clark v. Georgia, No. 1:21-CV-3396, 2021 WL 8084671, at *3 (N.D. Ga. Nov. 8, 2021) (same), *adopted by* 2022 WL 898362 (N.D. Ga. Mar. 28, 2022).  Appropriate parties for suit under § 1983 include "persons" who participated in the alleged violation. See 42 U.S.C. § 1983 (subjecting only "persons" to liability); Georgia Insurers Insolvency Pool v. Elbert Cnty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1) natural persons; (2) an

3

artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue" (quotations omitted)).  Thus, Defendant Johnson County Superior Court is not capable of being sued in this action and should be dismissed.

### 3.    Defendant Judge Gillis is Immune from Suit

Plaintiff's claims for monetary damages against Defendant Judge Gillis are barred by judicial immunity.[1]  It is well-settled that judicial officers are entitled to absolute immunity for "actions taken . . . within the legitimate scope of judicial authority."  Rehberg v. Paulk, 566 U.S. 356, 363 (2012); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (stating that "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'").  Thus, the Court must determine whether Judge Gillis, as the presider over Plaintiff's state habeas proceedings, was dealing with Plaintiff in a judicial capacity and whether the conduct alleged clearly fell outside his subject matter jurisdiction.  See Stump, 435 U.S. at 359-64.

As Plaintiff makes no allegation Judge Gillis acted in the "clear absence of all jurisdiction," id. at 357, the Court must consider whether her actions were of the type normally performed by judges.  Patterson v. Aiken, 628 F. Supp. 1068, 1072 (N.D. Ga. 1985), *aff'd*, 784 F.2d 403 (11th Cir. 1986) (Table).  Here, Plaintiff only alleges Judge Gillis failed to rule on his state habeas petition within thirty days, as promised.  (See generally doc. no. 6.)  Thus,

---

[1] Although claims for injunctive relief are not barred by the same principles as those barring requests for monetary damages, see Bolin v. Story, 225 F.3d 1234, 1239-43 (11th Cir. 2000) (*per curiam*), Plaintiff makes clear he is suing only for monetary damages. (See doc. no. 6.)  Although he requests a jury trial in his "relief" section, the Court construes this request as a jury trial demand pursuant to Federal Rule of Civil Procedure 38, not as a separate request for injunctive relief.  (Id. at 10); Fed. R. Civ. P. 38(b). Furthermore, the Court is also aware Plaintiff seeks the appointment of counsel.  (Id.)  The Court rules on this request by simultaneously entered order.

4

Plaintiff provides no details to suggest Judge Gillis took any actions that were not of the type normally performed by judges.  Thus, Plaintiff fails to state a valid claim for relief against Judge Gillis.

### 4.     Any Potential State Law Claims Should Be Dismissed Without Prejudice

To the extent Plaintiff may have any viable state law claims regarding the events alleged in his amended complaint,[2] those should be dismissed without prejudice so that Plaintiff may pursue them, if he so chooses, in state court.  Federal district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Federal courts are given the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution."  Id. § 1367(a).  However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  Id. § 1367(c)(3) (emphasis added).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists:

> At this time, the case retains no independent basis for federal jurisdiction. . . . A proper resolution of the two state law causes of action will require a careful analysis of Alabama law--something the courts of Alabama are in the best position to undertake and, for reasons of federalism, should undertake. . . .  We conclude that the district court should dismiss the state law claims so that Appellee may pursue them in state court.

---

[2] For example, Plaintiff's complaint alleges breach of contract against Defendant Judge Gillis. (Doc. no. 6, p. 3.)

Nolin v. Isbell, 207 F.3d 1253, 1258 (11th Cir. 2000); see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the . . . defendants, the district court correctly dismissed its remaining state law claims against these defendants."); Rice v. Branigar Org., Inc., 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, the Court has determined the complaint fails to state a claim that could serve as the basis for original federal court jurisdiction. Thus, without the federal claim, the Court concludes any potential state law claims should be dismissed without prejudice. Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1296 (11th Cir. 2018) ("When all federal claims are dismissed before trial, a district court should typically dismiss the pendant state claims as well. . . . [I]t usually should do so without prejudice as to refiling in state court.").

## II.    CONCLUSION

For the reasons explained above, the Court **REPORTS** and **RECOMMENDS** the case be **DISMISSED** and **CLOSED** because Plaintiff fails to state a federal claim upon which relief can be granted. The Court also **REPORTS** and **RECOMMENDS** any potential state law claims be **DISMISSED WITHOUT PREJUDICE**.

SO REPORTED and RECOMMENDED this 23rd day of March, 2026, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

6